KEB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Emilio Garcia Carias, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>Luis Rosa, Jr., *et al.*,<br><br>Respondents. | No.   CV-26-00672-PHX-JJT (DMF)<br><br>**ORDER TO SHOW CAUSE** |

    Petitioners Kevin Emilio Garcia Carias and Nelino Antonio Garcia Carias, though counsel, jointly filed this action under 28 U.S.C. § 2241 challenging their immigration detention.[1]  (Doc. 1.)

    Petitioners entered the United States in 2022, and, after a short period of detention, were released on their own recognizance pending immigration proceedings.  On September 26, 2025, Petitioners were re-detained by Customs and Border Protection officials without a pre-deprivation hearing.  Petitioners seek release from custody.

    Numerous courts have concluded individuals like Petitioners, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process.  *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo*

---

[1] In addition to their Petition, Petitioners also filed a Motion for Temporary Restraining Order (Doc. 2).  Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioners are not entitled to preliminary relief at this juncture.  Therefore, the Court will deny the Motion without prejudice.

*v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1) Petitioners' Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2) Counsel for Petitioners must immediately serve the Petition (Doc. 1) upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(5) Respondents must show cause no later than **February 11, 2026**, why the Petition should not be granted.

. . . .

. . . .

. . . .

1  (6)  Petitioners may file a reply no later than **February 13, 2026**.

2  Dated this 4th day of February, 2026.

```
                                    _____
                                    Honorable John J. Tuchi
                                    United States District Judge
```