IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Emilio Garcia Carias, et al., | No. CV-26-00672-PHX-JJT (DMF) |
| Petitioners, | **ORDER** |
| v. | |
| Luis Rosas, Jr., et al., | |
| Respondents. | |

Petitioners filed a joint Petition for Writ of Habeas Corpus under § 2241 (Doc. 1). The Court issued an Order to Show Cause why the Petition should not be granted. (Doc. 5.) The OSC was fully briefed and the Court entered an Order granting the Petition. (Docs. 9-11.) The Court vacates its prior Orders and enters the instant Order granting the Petition and directing Petitioners' immediate release from custody.

Petitioners are siblings who entered the United States in 2022. They were apprehended, detained, transferred to the Office of Refugee Resettlement, and released to live with a family sponsor after determining they posed neither a flight risk nor a danger to the community. Petitioners were placed in removal proceedings under 8 U.S.C. § 1226 and were also granted Special Immigrant Juvenile Status under 8 U.S.C. § 1101(a)(27)(J). Respondents redetained Petitioners on September 26, 2025 without notice or an opportunity to respond to their redetention. In its OSC, the Court directed Respondents to show cause why the Petition should not be granted. The OSC specifically directed Respondents to address the argument that Petitioners' release in 2022 created a liberty

interest in their release from custody. (Doc. 5.)

Respondents' response to the Petition focused solely on whether Petitioner were entitled to a bond hearing, maintained they were not so entitled, but nonetheless conceded Petitioners were class members in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). (Doc. 7.) The Court then entered an Order directing Respondents to provide Petitioners with bond hearings or release them within seven days. That Order was issued in error. Respondents' response did not address the issue of whether Petitioners' prior release from ORR custody created a liberty interest in their freedom requiring a pre-deprivation hearing before being redetained. The Court therefore finds Respondents have waived any challenge to Petitioners' claims. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

Petitioners claims are nonetheless meritorious. The Court has little difficulty concluding Petitioners had a protected liberty interest in their release from immigration detention and were entitled to a pre-deprivation hearing before rearrest and detention. *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); *see also Y.M.M. v. Wamsley*, No. 2:25-02075, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025); *Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *5,__ F. Supp. 3d __ (W.D. Wash. Sep. 12, 2025); *E.A. T.-B. v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *2–6,__ F. Supp. 3d __ (W.D. Wash. Aug. 19, 2025); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is inherent in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

Respondents also did not address the three-pronged test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). *Mathews* explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

As to the first factor, "[f]reedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.").

As to the second factor, Respondents do not address, much less support, why Petitioners were redetained when they were previously released and determined to be neither flight risks nor a danger. Petitioners remain in traditional removal proceedings under § 1229 and, as a result, are subject to detention under § 1226 and are not subject to mandatory detention.

Finally, as to the third *Mathews* factor, as cited above in *Ortega* "[i]f the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." 415 F. Supp. 3d at 970. Further, detention hearings in immigration courts are commonplace and impose a "minimal cost." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025).

In addition, here, Respondents' interest is even lower because Petitioners were previously released after immigration officials determined neither was a flight risk or danger to the community, and there is no indication either Petitioner violated any condition of their release. *See Pinchi v. Noem*, No. 25cv05632-RMI, 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025).

The Court finds that the *Mathews* factors weigh in favor of determining Petitioners were entitled to a hearing before being redetained. *See J.E.H.G. v. Chesnut*, 1:25-CV-01673-JLT SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk.  Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention."). "The only potential injury the government faces is a short delay in detaining [Petitioner] if it ultimately demonstrates to a neutral decisionmaker by clear and convincing evidence that [the] detention is necessary to prevent danger to the community or flight." *Pinchi*, 792 F. Supp. 3d at 1037-38.  For all these reasons, the Petition will be granted, and Petitioners will be ordered released from custody immediately. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** the Court's Orders and Judgment at Docs. 9, 10, and 11 are **VACATED** as issued in error.

**IT IS FURTHER ORDERED** Petitioners' Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioners from custody under the same conditions that existed before their redetention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioners' release.

1 **IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioners' favor and close this case.

Dated this 13th day of February, 2026.

_____
Honorable John J. Tuchi
United States District Judge