**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Kevin Emilio Garcia Carias, *et al.*,

Petitioners,

v.

Luis Rosas, Jr., *et al.*,

Respondents.

No. CV-26-00672-PHX-JJT (DMF)

**ORDER**

At issue is Petitioners' Motion to Enforce February 13 Order (Doc. 16, "Mot."). Petitioners are siblings who entered the United States as minors in 2022. They were apprehended, detained, transferred to the Office of Refugee Resettlement, and released to live with a family sponsor after determining they posed neither a flight risk nor a danger to the community. Petitioners were placed in removal proceedings under 8 U.S.C. § 1226 and were also granted Special Immigrant Juvenile Status under 8 U.S.C. § 1101(a)(27)(J). Respondents redetained Petitioners on September 26, 2025 without notice or an opportunity to respond to their redetention. Thereafter Petitioners filed the Petition for Writ of Habeas Corpus that initiated this matter in February of 2026. (Doc. 1.) The Court ordered Respondents to show cause why Petitioners were not entitled to a pre-deprivation hearing before any rearrest or detention as a matter of due process and statutory application. (Doc. 5 at 1-2.) After briefing, the Court granted the Petition on February 13, 2026 and ordered Respondents to "immediately release Petitioners from custody under the same conditions

that existed before their redetention." (Doc. 12 at 5.) Respondents released Petitioners on February 17, 2026 and filed a Notice of Compliance the following day. (Doc. 14.)

Petitioners filed the instant Motion to Enforce on June 11, 2026. (Doc. 16.) Neither Petitioner has been redetained, according to the parties. Rather, Petitioners cite a June 2, 2026 published decision by the Board of Immigration Appeals (BIA), entitled *Matter of N-A-G-C-*, 29 I&N Dec. 662 (BIA 2026), concluding that an immigration judge's (IJ) October 14, 2025 decision granting Petitioner Nelino Garcia Carias bond was in error and ordering Petitioner "redetained without bond." (Doc. 16-1 at 7.)[1] The BIA's decision in *Matter of N-A-G-C-* provided that neither Petitioner's previous designation as an unaccompanied alien child nor his approved special immigrant juvenile petition gave the IJ authority to redetermine Petitioner's custody status because under BIA's previous opinion in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), Petitioner was always an "applicant for admission and [was] subject to mandatory detention under Section 235(b)(2)(A) of the INA, 8.U.S.C. § 1225(b)(2)(A) (2024)." (Doc. 16-1 at 3.) Petitioners ask the Court to take the following four actions:

1) Order that Respondents' decision in *N-A-G-C-* violates this Court's February 13 Order;
2) Order that Respondents cannot detain Petitioners solely on the basis of the BIA's decision in *N-A-G-C-*;
3) Order that the BIA strike from the *N-A-G-C-* decision the order that Petitioner Nelino Garcia Carias is ordered detained and order that a similar order shall not be included in any decision sustaining the appeal of the bond order issued with respect to petitioner Kevin Garcia Carias; and
4) Order Respondents to immediately rescind any directive, communication or notice provided to any and all DHS, ICE or other immigration enforcement officers, agents or offices, including but not limited to such enforcement officers, agents or offices located in Maryland, indicating that Petitioners are ordered detained pursuant to *N-A-G-C-*.

[1] Petitioners urge that while *Matter of N-A-G-C-* addressed and named only Petitioner Nelino, the circumstances of Petitioner Kevin's entry into the United States and the government's treatment of his immigration status are identical, and so BIA's ruling in *Matter of N-A-G-C-* would apply equally to both sibling Petitioners.

(Mot. at 15-16.)

Petitioners filed the instant Motion June 11, 2026. Respondents filed no response either within the 14 days allotted by rule or at any time since. On June 17, Petitioners noticed the Court that their Motion was fully briefed and requested it be summarily granted. (Doc. 17.)

Where a party does not respond to a motion, LRCiv. 7.2(i) provides the Court may deem such inaction "a consent to . . . the granting of the motion and . . . dispose of the motion summarily." Here the response to the instant Motion was due nearly two months ago and Respondents have filed nothing, so the Court could grant it. But that is not the end of the analysis. The relief Petitioners seek is an ill fit to the instant habeas matter, rendering the various components of that relief requested beyond the Court's authority.

The siblings filed their Petition in February seeking release from detention. They received that relief. They were released February 17 and they remain released pursuant to this Court's Order. BIA's recent opinion in *Matter of N-A-G-C-* is no doubt troubling to Petitioners, as it directly addresses their immigration cases, opines that they are not detained under the provision of the INA that would allow an IJ the discretion to grant them release on bond, and purports in its final words to order that "[t]he [IJ]'s bond decision is vacated and the respondent is ordered detained without bond."

But the BIA's opinion has not affected their relief nor violated the Court's habeas Order granting it. Nor does it appear likely to do so. The Court ordered Respondents to state "whether they have re-detained, or intend to re-detain, Petitioners on the basis of the Board of Immigration Appeals June 2, 2026 decision in *Matter of N-A-G-C-*." (Doc. 18.) Respondents have complied, advising that "Petitioners are not in custody and there are no current plans to re-detain Petitioners." (Doc. 19.) The response confirms Petitioners continue to receive the relief this Court ordered. Any question of what Respondents might do in the future is unripe and any declaration the Court would make in such circumstance would be advisory in nature—something the Court may not do. [2] The Court comprehends

[2] There are any number of reasons Respondents may have concluded they "have no current plans to re-detain Petitioners." They may have recognized, through conferring with counsel

Respondents could change course; if that happens, the Court would address matters within its jurisdiction to enforce its orders.

**IT IS ORDERED** denying Petitioners' Motion to Enforce February 13 Order (Doc. 16) without prejudice.

Dated this 20th day of August, 2026.

Honorable John J. Tuchi
United States District Judge

---

or otherwise, that the IJ's October 2025 bond decision the BIA vacated in *Matter of N-A-G-C-* is not the order under which Petitioners are released; rather, Petitioners are released on this Court's Order granting the habeas Petition—an Order that BIA has no authority to pass on or overrule, and based on the overlapping timelines of the immigration and habeas matters, an order that BIA may well have been unaware of at the time it issued *Matter of N-A-G-C-*. Respondents also may have concluded that the Ninth Circuit's holding in *Rodriguez Vazquez v. Bostock*, No, 25-6842 (July 30, 2026), should the mandate issue in that matter, may invalidate *Matter of N-A-G-C-*. Whatever the reason, the present state is as it is, and Respondents have not disturbed the relief Petitioners received from the Court's habeas grant. No question is ripe now.